IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAVID GRAVES,
    Plaintiff,

vs.                                  Case No.: 3:05cv52/RS/EMT

UNITED STATES, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Before the court is a complaint for damages under 26 U.S.C. § 7431, which prohibits the knowing disclosure of any return or return information with respect to a taxpayer unless authorized under 26 U.S.C. § 6103 (Doc. 1).  The filing fee has been paid.  Defendants have filed a motion to dismiss the complaint and to dismiss the Internal Revenue Service ("IRS") as a defendant (Doc. 4).  Plaintiff has not filed a response to Defendants' motion despite having been afforded the opportunity to do so (*see* Doc. 5).  After careful consideration, it is the opinion of the undersigned that the motion to dismiss the complaint should be denied; however, the IRS should be dismissed as a defendant.    Plaintiff, proceeding pro se, initiated this action by filing a complaint for damages under 26 U.S.C. § 7431 on February 22, 2005 (Doc. 1).  Subsequently, Plaintiff mailed a copy of the complaint by certified mail, return receipt requested, to the Secretary of the Treasury, the Attorney General of the United States, the Assistant United States Attorney for the Northern District of Florida, and Special IRS Agent Wendy K. Kilpatrick (*see* Doc. 3, attach. 1).  Plaintiff also filed copies of the return receipts with the court, evidencing "service of process" (Doc. 3).  However, summonses were not issued by the clerk, nor served upon Defendants.

    Defendants assert that the complaint should be dismissed because Plaintiff failed to serve summonses on Defendants as required by Fed. R. Civ. P. 4(c)(1) (Doc. 4 at 1, 3-5, 7).  Defendants

also assert that the IRS must be dismissed as a defendant because it cannot be sued *eo nomine* and because a suit under 26 U.S.C. § 7431 is an action against the United States only, and not the IRS (Doc. 4 at 1-2, 5-6).

The Federal Rules of Civil Procedure require that a summons be served together with a copy of the complaint. Fed. R. Civ. P. 4(c)(1). If service of the summons and complaint is not made within 120 days after the filing of the complaint, the court "shall dismiss the action without prejudice . . . or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Negligence or inadvertence is not considered good cause for failing to properly effect service. Prisco v. Frank, 929 F.2d 603, 604 (11th Cir.1991), *superceded in part by rule as stated in* Horenkamp v. Van Winkle and Co. Inc., 402 F.3d 1129 (11th Cir. 2005). Good cause exists only when an outside factor, such as reliance on faulty advice, prevented service. *Id.* However, joining the majority of the other circuits that have considered the issue, the Eleventh Circuit has recently made it clear that the district court has discretion to extend the time for service of process *even in the absence of a showing of good cause*. Horenkamp, 402 F.3d at 1131-1133 (emphasis added).

The circumstances of this case militate in favor of the exercise of the district court's discretion to extend the time for service of process for an appropriate period. First, Plaintiff is proceeding pro se, *see* Jacobs v. University of Chicago, 189 F.R.D. 510, 511 (S.D. Ohio 1999) (pro se plaintiff is entitled to some degree of leniency in the application of requirements for service of process to ensure case is justly resolved on the merits rather than on the basis of procedural technicalities), and Plaintiff has paid the filing fee of $250.00. Second, Plaintiff made a good faith effort to effect service by mailing a copy of the complaint by certified mail, return receipt requested, to the Secretary of the Treasury, the Attorney General of the United States, the Assistant United States Attorney for the Northern District of Florida, and Special IRS Agent Kilpatrick. The return receipts reflect that each received a copy of the complaint, and thus had notice of the suit, and Plaintiff filed the receipts with the Court in an effort demonstrate what he apparently believed to be proper service (*see* Doc. 3 attach 1). Finally, Defendants have not established, nor even argued, that they will be prejudiced by an extension. *See* Gottfried v. Frankel, 818 F.2d 485, 493 (6th Cir.1987) (requirements of Rule 4 should be construed liberally when the defendant is not prejudiced).

Accordingly, the undersigned concludes that Plaintiff should be granted an extension of time within which to properly effect service and that his case should be resolved on the merits.

Pursuant to 26 U.S.C. § 7431 a taxpayer "may bring a civil suit for damages against the *United States*" for unauthorized disclosure of tax information. (*Emphasis added*). Section 7431 is the exclusive remedy for recovering such damages, and Plaintiff may only recover against the United States. *See* Hassell v. United States, 203 F.R.D. 241, 244 (N.D. Tex. 1999). Further, Congress has not authorized suit against the IRS; therefore, it lacks the capacity to be sued. Pace v. Platt, 228 F. Supp 2d. 1332, 1335 (N.D. Fla. 2002). Thus, Defendants' motion should be granted to the extent that it seeks dismissal of the IRS as a defendant.

For the aforementioned reasons, it is respectfully **RECOMMENDED**:

1. That Defendants' motion to dismiss (Doc. 4) be **DENIED** to the extent it seeks dismissal of the complaint, but **GRANTED** to the extent it seeks dismissal of the IRS as a defendant. Further, the IRS should be dismissed with prejudice.

2. That the file be returned to the undersigned for further proceedings, including issuance of a service order directing Plaintiff to properly and promptly serve Defendant.
.

At Pensacola, Florida, this 30th day of December 2005.

/s/   Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**