IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAVID GRAVES,
    Plaintiff,

vs.                                  Case No. 3:05cv52/RS/EMT

UNITED STATES OF AMERICA,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Defendant's "Second Motion to Dismiss" (Doc. 13). Defendant moves the court to dismiss the complaint for Plaintiff's failure to comply with the court's February 6, 2006 order requiring him to properly serve the United States (*id.* at 1).

Plaintiff commenced this action on February 22, 2005, by filing a complaint against the United States and the Internal Revenue Service alleging the unauthorized disclosure of tax return information (Doc. 1). On April 22, 2005, the United States filed a motion to dismiss Plaintiff's complaint, asserting that Plaintiff failed to properly serve the United States and that the Internal Revenue Service was not a proper party to the action (Doc. 4). The court subsequently ordered Plaintiff to respond to Defendant's motion to dismiss within twenty days (Doc. 5); however, twenty days elapsed with no response from Plaintiff. Accordingly, the court issued an order requiring Plaintiff to show cause, if any, why the case should not be dismissed for failure to comply with an order of the court (Doc. 6). Plaintiff did not respond to the show cause order.

Even though Plaintiff failed to respond to the show cause order, the undersigned issued a report and recommendation on December 30, 2005 addressing the merits of Defendants' motion to dismiss (Doc. 8). Taking into account Plaintiff's pro se status, among other considerations, the undersigned recommended that Defendants' motion be denied to the extent it sought dismissal of the complaint for Plaintiff's failure to properly effect service, but granted it to the extent it sought

dismissal of the Internal Revenue Service (Doc. 8). Additionally, it was recommended that the matter be returned to the undersigned for further proceedings, including the issuance of an order directing Plaintiff to properly serve the United States (*id.*). The District Court adopted the report and recommendation on January 30, 2006, dismissing the Internal Revenue Service as a party and referring the matter to the undersigned for further proceedings (Doc. 9). On February 6, 2006, the undersigned issued an order directing the clerk to issue summons and instructing Plaintiff to serve the complaint on the United States by March 9, 2006 (Doc. 11).[1] As of this date, the docket does not reflect a return of service indicating that the United States has been served. Further, the United States has represented to the court that it has not been served (Doc. 13, ¶ 6).

Rule 4(m) of the Federal Rules of Civil Procedure provides, in part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. . . .

Thus, this court must first determine whether Plaintiff has shown "good cause" for his failure to effect service within the requisite time period. If the court determines Plaintiff has failed to show "good cause," the next inquiry is whether this action should be dismissed.

In the instant case, Plaintiff has not explained his failure to comply with Rule 4(m) or the court's order of February 6, 2006, directing that he properly serve the United States. Moreover, he has not requested an extension of time to effect service, nor has he otherwise indicated that he would attempt service if given more time to do so. Furthermore, Plaintiff was directed to respond to the Defendant's second motion to dismiss, but again failed to do so (*see* Doc. 15). Thus, there exists no basis to conclude that an extension of time to effect service would result in further prosecution of this action.

---

[1] Plaintiff was specifically instructed that pursuant to Federal Rule of Civil Procedure 4(i), he must deliver a copy of the summons and complaint to the United States Attorney at 21 E. Garden Street, Suite 400, Pensacola, Florida 32502 (Doc. 11). Plaintiff was also instructed to send a copy of the summons and complaint to the Attorney General of the United States at 10th & Constitutional Avenue, N.W., Suite 4400, Washington, DC 20530 by registered or certified mail (*id.*). Finally, Plaintiff was informed that he must file proof of service with the court pursuant to Federal Rule of Civil Procedure 4(l) (*id.*).

Case No: 3:05cv52/RS/EMT

Accordingly, it is respectfully **RECOMMENDED**:

That this action be **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to comply with an order of this court and failure to comply with Rule 4(m) of the Federal Rules of Civil Procedure.

At Pensacola, Florida, this 14th day of August 2006.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Any objections to these proposed recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**